12 139
117 630

BOURGEAT vs. BOURGEAT.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF POINT COUPEE, THE JUDGE OF THE SECOND PRESIDING.

Where the expressions in the title convey three arpents front with the depth of eighty, the purchaser cannot claim by diverging lines to the rear, under the pretext that he purchased the *residue* of a plantation, and thereby obtain *more* than a superficies of two hundred and forty arpents in the form of a parallelogram.

This is a petitory action, in which the plaintiff alleges that the defendant, (who claims in right of his deceased ancestor, Zenon Bourgeat,) adjoins his plantation above on the Mississippi, and sets up title and claim to a part of his land, as follows : viz., beginning at the upper boundary of petitioner's land, and running towards the rear, eighty arpents in depth, by a line diverging upon petitioner's tract, about two degrees, and striking the back line, and taking off ninety superficial arpents in the form of a wedge or acute angle.

The plaintiff further shows, that he had built a fence on said land, a part of which the defendant has removed, and is about removing more, and that the land produces rents and revenues : wherefore, he prays, that the land in dispute be decreed to him, and that he recover seven hundred dollars damages, for the removal of his fence ; that he be allowed

the value of his rents due, and that the defendant be restrained from removing the fence, &c.

The defendant pleaded a general denial, and avers he was the owner of three arpents front by eighty deep, of a tract of land adjoining the plaintiff above, (which his father acquired by purchase, and by donation from his mother,) and which land has an equal proportional, but no greater opening toward the back line, than the land of the plaintiff, and both tracts were acquired at the sale of his mother's succession, and have been so ever since held by them. He avers, the fence in question was made by his ancestor, and on his land, within his true line. He prays that the plaintiff's demand be rejected.

Upon these pleadings and issues the case was tried. The evidence upon which the case turns, is stated in the opinion of the court, which follows.

The district judge was of opinion, that as the act of sale stated so many arpents front, by a certain depth, that in the absence of other controlling expressions, it must be implied, that the land was bounded by parallel lines, giving the superficial quantity produced by multiplying the front and depth together. On this hypothesis, the plaintiff had judgment, from which the defendant appealed.

*A. N. Ogden,* for the plaintiff.

*Mitchell, contra.*

*Bullard, J.,* delivered the opinion of the court.

This is a petitory action, in which the plaintiff asserts title to a tract of land under a purchase, at probate sale, having a front of eight arpents, and twenty *toises* and one-third, on the Mississippi, by a depth of eighty arpents, the side lines diverging about six degrees, so as to contain about one thousand and ten superficial arpents. He complains that the defendant has taken possession of, and set up a title to a part of said tract, forming a triangle, extending the whole depth of the tract.

The defendant exhibits a title for three arpents front, of the same original tract, derived from the same source, partly by purchase from the widow Bourgeat, and partly by a legacy in her last will. He contends, that under the sale and donation by his ancestor, he is entitled to three arpents front, by eighty in depth, with side lines diverging in such a manner as to give him a due proportion of the whole [superficies of the tract, and that his possession has always been in conformity to his asserted right.

Eastern Dist.
*March*, 1838.

BOURGEAT
*vs.*
BOURGEAT.

The plaintiff having purchased the residue of the plantation of the widow Bourgeat, and calling to be bounded on one side by the portion belonging to the defendant, it is clear the controversy involves the single inquiry, how much did the defendant acquire by purchase and under the will ?

Neither the sale nor the will contain any expression that would give the defendant more than a front of three arpents, by a depth of eighty ; that is, a superficies of two hundred and forty arpents, in the form of a parallelogram. He did not acquire, in our opinion, any particular proportion of the plantation, which would authorize him to hold by side lines diverging towards the rear.

The case of Williamson *vs.* Hymel, 11 Louisiana Reports, 285, alluded to in the argument, does not, in our opinion, aid the defendant. In that case, the *procès verbal* of the probate sale, expressed a convergency of the side lines of the tract, and we held, that less than a parallelogram was conveyed.

The present case presents the converse of that proposition.

Where the expressions in the title convey three arpents front, with the depth of eighty, the purchaser cannot claim by diverging lines to the rear, under the pretext that he purchased the *residue* of a plantation, and thereby obtain *more* than a superficies of two hundred and forty arpents in the form of a parallelogram.

But our attention is called to a bill of exceptions in the record, from which it appears, that the court refused to admit in evidence a document, signed by the parish judge, purporting to be a judicial order, to put Zenon Bourgeat in possession of that part of the tract acquired under the last will. We think the court did not err. The proceeding, besides being *ex parte*, merely recognizes the right of the legatee, under the will, to one arpent and a half front of land by a depth of eighty. Neither that document, nor the parole evidence in the record, establishes a boundary between the parties, conclusive upon the plaintiff, different from that indi-

EASTERN DIST. cated by the titles themselves, although the defendant
March, 1828. appears to have taken possession without-opposition.

HUTCHISS,          The appellee demands that we should reverse the judg-
TUTOR, ETC. ment, and award damages against the defendant.   Under
vs.
DODD ET AL. the circumstances of the present case, we think, the plaintiff
not entitled to recover damages.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be 'affirmed, with costs.